IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY HINES, ) | |
| AIS #166340 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-91-WC |
| ) | [WO] |
| ) | |
| J. C. GILES, et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

This cause of action is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Anthony Hines ["Hines"], a state inmate, on January 26, 2007.[1] In this petition, Hines challenges the calculation of his release date. Specifically, Hines complains that his time sheet is incorrect as it indicates that he is required to serve forty-nine (49) months in prison which is thirteen (13) months beyond the 3-year sentence imposed upon him. *Petition for Habeas Corpus Relief* at 5. The respondents filed an answer in which they argue that Hines has failed to exhaust his available state remedies as

---

[1] Although the Clerk of this court stamped the present petition "filed" on February 1, 2007, Hines certified documents submitted with the petition on January 26, 2007. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In light of the foregoing and for purposes of this Recommendation, the court considers January 26, 2007 as the date of filing.

he may challenge the calculation of his release date in the appropriate state circuit court via "a habeas corpus petition." *Respondents' Answer* at 1-2.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A). It is clear from the pleadings filed in this case that Hines has not yet exhausted his available state court remedies with respect to the claim presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claim without first requiring that the petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of any state court collateral proceeding Hines may file as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the court concludes that the petition for habeas corpus is due to be denied and this case dismissed without prejudice so that the petitioner can pursue his available state court remedies.

A separate order and judgment will accompany this memorandum opinion.

Done this 2nd day of April, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE